UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------

| | | |
|---|---|---|
| THOMAS E. PEREZ, Secretary of Labor,<br>United States Department of Labor | : | |
| | : | C O M P L A I N T |
| Plaintiff, | : | |
| v. | : | Civil Action |
| | : | |
| DEBT MANAGEMENT PARTNERS, LLC;<br>AUDUBON FINANCIAL BUREAU, LLC; and<br>DANIEL J. VALENTINE, ADAM D. MARCH, and<br>DOMENIC D'ANGELO, Individually and as Members<br>and Officers, | : | |
| | : | |
| Defendants. | : | |

-----------------------------------------------------------------------

Plaintiff, THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor, brings this action under Sections 16(c) and 17 of the Fair Labor Standards Act of 1938, as amended, (29 U.S.C. §201, et seq.), ("the Act"), alleging that defendants violated sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Act.

I.

Jurisdiction of this action is conferred upon the Court by Section 17 of the Act.

II.

Defendant DEBT MANAGEMENT PARTNERS, LLC., is a corporation doing business at 200 John James Audubon, Getzville, New York 14068, within the jurisdiction of this Court, where defendant is engaged in the debt collection business.

III.

Defendant AUDUBON FINANCIAL BUREAU, LLC. is a corporation doing business at 200 John James Audubon, Getzville, New York 14068, within the jurisdiction of this Court, where defendant is engaged in the debt collection business.

IV.

Defendant corporations have regulated the employment of all persons it employed by the corporations, acted directly and indirectly in its own interest in relation to the employees, and thus are employers of the employees within the meaning of section 3(d) of the Act.

V.

Defendant DANIEL J. VALENTINE who does business at 200 John James Audubon, Getzville, New York 14068 within the jurisdiction of this court, is an officer of defendant corporation, in active control and management of defendant corporation, regulates the employment of persons employed by defendant corporation, acts directly and indirectly in the interest of defendant corporation in relation to the employees, and is thus an employer of the employees within the meaning of section 3(d) of the Act.

VI.

Defendant ADAM D. MARCH who does business at 200 John James Audubon, Getzville, New York 14068 within the jurisdiction of this court, is an officer of defendant corporation, in active control and management of defendant corporation, regulates the employment of persons employed by defendant corporation, acts directly and indirectly in the interest of defendant corporation in relation to the employees, and is thus an

employer of the employees within the meaning of section 3(d) of the Act.

VII.

Defendant DOMENIC D'ANGELO, who does business at 200 John James Audubon, Getzville, New York 14068 within the jurisdiction of this court, is an officer of defendant corporation, in active control and management of defendant corporation, regulates the employment of persons employed by defendant corporation, acts directly and indirectly in the interest of defendant corporation in relation to the employees, and is thus an employer of the employees within the meaning of section 3(d) of the Act.

VIII.

The business activities of the defendants are related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of section 3(r) of the Act.

IX.

Defendants employ employees at their places of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. The enterprise has an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the employees are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s) (1)(A) of the Act.

X.

Defendants in many workweeks willfully and repeatedly have violated the provisions of sections 7 and 15(a)(2) of the Act by employing many of their employees employed in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than those prescribed in section 7 of the Act without compensating the employees for their employment in excess of the prescribed hours at rates not less than one and one-half times the regular rates at which they were employed. Therefore, defendants are liable for unpaid overtime compensation and an amount in liquidated damages under section 16(c) of the Act.

XI.

Defendants in many workweeks willfully and repeatedly, have violated the provisions of sections 11(c) and 15(a)(5) of the Act, in that defendants failed to make, keep, and preserve adequate and accurate records of their employees and of the wages, hours, and other conditions of employment which it maintained as prescribed by the Regulations issued and found at 29 CFR Part 516; more specifically, the records kept by the defendants failed to show adequately and accurately, among other things, the hours worked each workday, the total hours worked each workweek, the regular rate of pay, the total earnings for each workweek, and/or the total overtime compensation for each workweek, with respect to many of their employees.

XII.

Defendants have, at times relevant to this matter, willfully and repeatedly have violated the provisions of the Act as alleged above.

WHEREFORE, cause having been shown, plaintiff prays for judgment against defendants providing the following relief:

(1)     For an injunction issued pursuant to section 17 of the Act permanently restraining defendants, their officers, agents, employees, and those persons in active concert or participation with defendants, from violating the provisions of sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Act; and

(2)     For an order pursuant to section 16(c) of the Act finding defendant liable for unpaid minimum wage and overtime compensation found due defendant's employees listed on the attached Exhibit A and an amount of liquidated damages; and,

(3)    For an order granting such other and further relief as may be necessary and appropriate.


DATED:        November 1, 2013
              New York, New York

*M. Patricia Smith*

M. PATRICIA SMITH
Solicitor of Labor

*Patricia M. Rodenhausen*

PATRICIA M. RODENHAUSEN
Regional Solicitor

*John G. Campbell*

JOHN G. CAMPBELL
Counsel for Wage and Hour
JC (2125)



POST OFFICE ADDRESS:

Patricia M. Rodenhausen
Regional Solicitor
U.S. Department of Labor
201 Varick Street, Room 983
New York, New York 10014
Tel. (646) 264-3667
Fax (646) 264-3660

EXHIBIT A

1.  Babcock,  Jason
2.  Boehnke,  Roger
3.  Brown, Richard
4.  Graig, Angelo
5.  Goins, Tiarra
6.  Hall, Stanley
7.  Hanania, Charissa
8.  Holliday, Keshia
9.  Hunter, Domenique
10. Jenkins, Alexus
11. Jordan, Justin
12. Kavanaugh, Richard
13. Lopez, Janet
14. Lowe, Nicole
15. Macleod, Robert
16. McKeevar, Mellissa
17. McNamee, Winter
18. Monk, Shannon
19. Mottorn, Amanda
20. Mundell, Gerald
21. Paxton, Ryan
22. Rodgers, Alexis
23. Rosselli, Stephanie
24. Sanders, Desmond
25. Searight, Andrew
26. Smith, Brianna
27. Spengler, Lee
28. Sweeney, Katie
29. Turano, Stephen
30. Ventola, Mary
31. Vives, Patrick
32. Zaffran, Randy
33. Zandi, Donovan